UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

FRANCIS RODRIGUEZ

    Plaintiff,

v.   CASE NO.:

THE CBE GROUP, INC.

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, FRANCIS RODRIGUEZ alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like THE CBE GROUP, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6. The alleged violations described in the Complaint occurred in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff, FRANCIS RODRIGUEZ, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida

8. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014)

9. Defendant, THE CBE GROUP, INC., ("Defendant") is a corporation which was formed in Iowa with its principal place of business at 1309 Technology Parkway, Cedar Falls, IA 50613 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hats Street, Tallahassee, FL 32301.

10. Defendant called Plaintiff in excess of twenty (20) times since December, 2013, on his cellular telephone number (561) ***-8105 in an attempt to collect a debt of an unknown individual.

11. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

12. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13. Each call Defendant made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

14. These calls received by Plaintiff from Defendant include but are not limited to the following sample:

    i. One call on December 11, 2013 at 11:12 am;

    ii. Two calls on December 12, 2013 at 9:13 am and 3:55 pm;

    iii. Three calls on December 13, 2013 at 8:54 am, 12:51 pm; 4:50 pm and 8:33 pm;

    iv. Three calls on December 14, 2013 at 8:25 am and 2:02 pm

    v. Three calls on December 15, 2013 at 9:00 am, 4:01 am and 8:45 pm

15. After receiving the first call from Defendant on December 11, 2013, Plaintiff called Defendant back and explained to them that he does not know the person they are trying to reach, and asked that they stop calling.

16. Plaintiff contacted Defendant a second time on December 12, 2013 and explained to them again that he does not know the person they are trying to reach, and asked that they stop calling.

17. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

19. Defendant's corporate policy is structured as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant that they are the incorrect individual.

20. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

21. Defendant numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

22. Defendant has had numerous complaints from consumers against them across the country asking to not be called; however Defendant continues to call.

23. Defendant's corporate policy provided no means for Plaintiff to have its number removed from the call list.

24. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

25. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the Telephone Consumer Protection Act "TCPA")

28. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-seven (27) above as fully set forth herein.

29. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

30. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Florida Bar #: 0052284
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
T: 407-420-1414 / F: 407-245-3485
JLee@ForThePeople.com
*Attorney for Plaintiff*